UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00105-FDW-DCK

| KIANA SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| EPIQ GLOBAL BUSINESS TRANSFORMATION SOLUTIONS, LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 7), seeking dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted.

After reviewing the motion and memorandum in support, the Court hereby DENIES WITHOUT PREJUDICE the motion, *sua sponte* extends the time for service of process, and DIRECTS Plaintiff to file an Amended Summons with the Clerk, who will then direct the United States Marshal to effectuate service.

As an initial matter, the Court agrees in part with Defendant's arguments regarding the deficiency of process and service of process in this case; however, in lieu of dismissal, the Court denies Defendant's Motion to Dismiss without prejudice to reassert any arguments in a renewed motion to dismiss. In the interests of judicial efficiency[1] and in furtherance of the well-settled

---

[1] The Court recognizes that dismissals pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) are generally without prejudice so that a plaintiff can cure the defects in process and service of process. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 345-46 (3d ed. 2008) (because dismissal on Rule 12(b)(5) for improper service of process is not on the merits, it would be error to dismiss with prejudice); see also, e.g., Riley v. Nationscredit Fin. Servs. Corp., No. 2:08CV132-MHT, 2008 WL 3992743, at *1 (M.D. Ala. Aug. 26, 2008); Goldthread v. Davison,

1

policy favoring rulings on the merits,[2] the Court *sua sponte* allows Plaintiff to amend her summons pursuant to Rule 4(a) of the Federal Rules of Civil Procedure and also *sua sponte* extends time for service pursuant to Rule 4(m) for an additional ninety (90) days until August 21, 2023.

The Clerk is respectfully instructed to mail Plaintiff a blank summons form for Plaintiff to complete and identify Defendant for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendant. See 28 U.S.C. § 1915(d). When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendant. Id.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 7), is DENED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that pursuant to the instructions here, the time for effectuating service of process is extended to August 21, 2023.

**IT IS SO ORDERED.**

Signed: June 27, 2023

_____
Frank D. Whitney
United States District Judge

---

No. 3:06-cv-0805, 2007 WL 2471803 (M.D. Tenn. Aug. 29, 2007) (dismissal without prejudice is appropriate under Rule 12(b)(4)); Johnson v. Meachum, 839 F. Supp. 953 (D. Conn. 1993) (same).

[2] The Fourth Circuit has explained this preference as recognized in long-standing precedent:
> [W]e have long adhered to the sound public policy of deciding cases on their merits, and not depriving parties of their fair day in court. This policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the harsh sanction of prejudicial dismissal, only in the extreme cases, where the plaintiff has shown a clear record of delay or has engaged in contumacious conduct. Requiring district courts to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits. Such notice of this drastic consequence is likely to prompt most plaintiffs to act diligently in meeting these conditions, thereby averting prejudicial dismissal.

Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471–72 (4th Cir. 1993) (internal citations and quotations omitted).