UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00105-FDW-DCK

| KIANA SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| EPIQ GLOBAL BUSINESS TRANSFORMATION SOLUTIONS, LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 15). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued a notice (Doc. No. 17) to Plaintiff, who appears *pro se*, advising her of the burden she carries in responding to Defendants' motion. This matter has been fully briefed, (Doc. Nos. 16, 18), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is GRANTED.

## I. BACKGROUND

On February 22, 2023, Plaintiff Kiana Smith filed a civil action *pro se* against her former employer and instant Defendant Epiq Global Business Transformation Solutions, LLC ("Epiq"), raising four claims for relief: (1) discrimination based on race and religion in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), (2) retaliation in violation of Title VII, (3) wrongful discharge under the North Carolina Equal Employment Practices Act ("NCEEPA"), and (4) racial discrimination in violation of 42 U.S.C. § 1981. (Doc. No. 1, pp. 10–13.) As a preliminary matter, this Court previously dismissed Plaintiff's claim for wrongful discharge under the NCEEPA; it will not be reconsidered below. (See Doc. No. 5, p.3.)

1

Plaintiff states she, a resident of North Carolina, was employed by Defendant, a Delaware corporation with its principal place of business in New York and a North Carolina satellite office, as a customer service agent from late May 2022 until August 15, 2022. (Doc. No. 1, p. 8.) Plaintiff alleges, "[a]lmost immediately [after] being hired by Defendant . . . Plaintiff was subjected to unethical treatment by her supervisors and managers," including being placed in a different, more junior position than she was hired for; denial of pay increases commensurate with promotion responsibilities; and denial of a reasonable work accommodation. (Doc. No. 1, p. 9.) Plaintiff also alleges she reported her concerns of mistreatment to her manager, but no action was taken in response. (Doc. No. 1, p. 9.) Shortly after she reported the alleged mistreatment, she was terminated. (Doc. No. 1, p. 9.) Defendant informed Plaintiff her termination was the result of her absence during workdays, though Plaintiff claims she was present on the days in question, and that a computer error—which she had reported to Defendant's IT department—had failed to report her presence. (Doc. No. 1, p. 9.)

After her termination on August 15, 2022, Plaintiff filed a charge of discrimination based on race, religion, and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2022. (Doc. Nos. 1, pp. 9–10; 1-1.) On October 12, 2022, the EEOC issued a Determination of Rights ("Determination") noting it would not proceed further with its investigation, and it had made no determination about whether further investigation would establish Defendant had violated Plaintiff's rights. (Doc. No. 1-1.) The Determination also informed Plaintiff of her Right to Sue "within 90 days of [her] receipt" of the Determination Notice. (Doc. No. 1-1.) Plaintiff filed the instant Complaint on February 22, 2023.

Defendant, in response, filed the present Motion to Dismiss on February 2, 2024, arguing Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2)

for lack of personal jurisdiction, 12(b)(4) and 12(b)(5) for insufficient process, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 15.) This Court agrees Plaintiff's Complaint must be dismissed under Rule 12(b)(6). As a result, this Court does not address Defendant's other contentions, which are rendered moot.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). As a general matter, a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears certain the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When analyzing whether to grant a motion to dismiss, the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

3

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. ANALYSIS

**A. Time-barred Claims**

Here, Plaintiff's Title VII claims for discrimination based on race and religion and retaliation must be dismissed because Plaintiff filed this civil action after her time to do so had fully elapsed. Plaintiff's civil action is barred by a statute-of-limitation that prohibits Title VII or Americans with Disabilities Act of 1990 ("ADA") claims bought 90 days after receiving a right-to-sue letter. See Quinn v. Copart of Connecticut, Inc., 791 F. App'x 393, 395 (4th Cir. 2019) ("The 90-day requirement is in the nature of a statute-of-limitations defense."); Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 328 (4th Cir. 2012) ("Title VII requires that aggrieved persons file a civil action within 90 days of receiving a right-to-sue letter."); Abria v. Owens-Illinois, No. 1:02-CV-00111, 2003 WL 21297330 (M.D.N.C. June 4, 2003) ("For a claimant to be entitled to relief under both Title VII and the ADA, she must file a civil action within 90 days of receipt of the EEOC's right-to-sue letter . . . Otherwise, a claimant's failure to bring suit within 90 days generally forfeits her right to pursue the claim."); accord Gean v. Bd. of Educ. Charlotte Mecklenburg Sch., No. 323CV00263FDWDCK, 2023 WL 6449494, at *3 (W.D.N.C. Oct. 3, 2023).

Despite Plaintiff's statement her Complaint was filed "within ninety (90) days of the date of the Notice of Right to Sue from the EEOC," the length of time between her receipt of the Determination, October 12, 2022, and her filing of the instant Complaint, February 22, 2023, was approximately 134 days. (Doc. Nos. 1, p. 10; 1-1.) As a result, her claims are time-barred. While this Court recognizes Plaintiff's personal hardships, (Doc. No. 18), it still must dismiss claims one and two with prejudice, as to do otherwise would be futile.

**B. Section 1981**

As regards Plaintiff's claim under Section 1981, the statute provides, in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute also guarantees equal treatment in "the employment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Unlike EEOC claims, the statute of limitations governing race discrimination cases under Section 1981 is four years. Hamilton v. Duke Energy Bus. Servs., LLC, No. 323CV00333FDWDCK, 2024 WL 390380, at *2 (W.D.N.C. Feb. 1, 2024). In tort claims, a plaintiff "seeking redress for a defendant's legal wrong typically must prove but-for causation. Univ. Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 347 (2013) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 265 (5th ed. 1984)). Under this standard, a plaintiff must demonstrate, but for a defendant's harmful, unlawful conduct, the alleged injury would not have occurred. Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 331 (2020). Indeed, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Id. at 341.

Here, Plaintiff has failed to allege but-for her race, Defendant would not have terminated her. Even accepting as true Plaintiff was "subjected to unethical treatment by her supervisors and managers," including job placement below the position she was hired for and denial of accommodation, Plaintiff does not plead any facts suggesting her treatment or subsequent termination was driven by race, aside from the conclusory allegation "Defendant's discrimination against Plaintiff and termination of her employment was motivated by her race (Black) [*sic*]." (Doc. No. 1, pp. 9, 12–13.) Therefore, Plaintiff has failed to state a claim upon which relief can be granted because her Complaint does not "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' by failing to plead 'but for' causation under her § 1981 claim . . ." Comcast, 589 U.S. at 340 (quoting Iqbal, 556 U.S. at 678–79); see also Baucom v. Novant Health, Inc., No. 3:22-CV-00662, 2023 WL 3855054, at *6 (W.D.N.C. June 6, 2023)

As Plaintiff's Section 1981 claim does not plausibly allege but-for causation between Plaintiff's race and Defendant's decision to terminate her, Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 12(b)(6). Thus, this Court is compelled to dismiss Plaintiff's Section 1981 claim without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 15), is GRANTED as to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and Plaintiff's Complaint, (Doc. No. 1), as regards claims one and two, is DISMISSED WITH PREJUDICE. Plaintiff's Complaint as regards claim four, however, is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Signed: August 6, 2024

Frank D. Whitney
United States District Judge